**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3100

WILLIAMS ALEXANDER LEVERON MARTINEZ,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.: A216-545-134)
Immigration Judge: John P. Ellington

_____

Submitted Pursuant to Third Circuit L.A.R 34.1(a)
July 1, 2019

Before: MCKEE, PORTER, and RENDELL, *Circuit Judges*

(Opinion filed: January 8, 2020)
_____

OPINION*
_____

McKee, *Circuit Judge*.

Williams Alexander Leveron Martinez petitions for review of an order of the

Board of Immigration Appeals dismissing his appeal of an Immigration Judge's denial of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his Motion to Reopen removal proceedings. Leveron Martinez argues that his due process rights were violated because he lacked the competency to defend against his removal in proceedings before the Immigration Judge. He therefore claims that his admission of removal and waiver of his appellate rights were not knowing, intelligent, and voluntary. For the reasons that follow, we will deny the petition for review.[1]

## I.

Leveron Martinez filed a timely Emergency Motion to Reopen his removal proceedings arguing that his admission of removability and waiver of his appellate rights were not knowing, intelligent and voluntarily because he suffered from cognitive deficits.[2] His motion claimed that the deficits resulted from an attack where he was hit in the head with brass knuckles and sustained a fourteen-inch laceration that required stitches.[3] He claims to take medicine to manage symptoms resulting from the head injury.[4] In further support of his claimed cognitive deficits, Leveron Martinez submitted a newspaper article about the attack and the criminal docket showing his assailant pled guilty to the assault.[5] Additionally, he also argued that his removal proceedings should

---

[1] The BIA has jurisdiction over motions to reopen removal proceedings under 8 C.F.R. § 1003.2(a). Under 8 U.S.C. § 1252(a)(1) we have exclusive jurisdiction to review "any final order of removal," which includes the denial of a motion to reopen removal proceedings. *Cruz v. Att'y Gen'l.*, 452 F.3d 240, 246 (3d Cir. 2006).

[2] Pet. Br. at 8.

[3] *Id.* at 3.

[4] *Id.*

[5] *Id*. at 9.

be reopened because he is a known informant who has received threats against his life by individuals living in his native country of Guatemala.[6]

The IJ denied the Motion to Reopen the day after it was filed.[7] In doing so, the IJ found to be knowing, voluntary, and intelligent Leveron Martinez's refusal of the IJ's multiple offers to continue the matter so that Leveron Martinez could seek counsel from an attorney and/or his family.[8] The IJ also noted that after having requested a bond, Leveron Martinez only declined to have one set after being told it would be around $40,000.[9] Finally, the IJ found that after Leveron Martinez asked to be removed to Guatemala he affirmatively waived his appellate rights and that all of these factors together were sufficient to deny the Motion to Reopen.[10] However, the IJ nonetheless considered the merits of Leveron Martinez's claimed "materially changed circumstances" in the Motion to Reopen under 8 C.F.R. § 1003.23(b)(3). In an exercise of discretion, the IJ denied the motion because "[t]here [was] no medical documentation, doctor's notes, or prescription scripts to corroborate that [Leveron Martinez] was, or might have, any cognitive or competency issues."[11]

The BIA found no clear error with the IJ's findings, affirmed the denial of the Motion to Reopen, and dismissed the appeal because the motion lacked sufficient supporting evidence of Leveron Martinez's alleged cognitive defects or eligibility for

---

[6] App'x. at 000022, 26-27.
[7] *Id*. at 000027-28.
[8] *Id*. at 000027.
[9] *Id*.
[10] *Id.* 000027-28.
[11] App'x at 000027, n.1.

relief from removal.[12]  The BIA also found that Leveron Martinez's attempt to raise an entitlement to a U-visa on appeal based on his alleged assault lacked merit because it was not raised before the IJ in his counseled Motion to Reopen.[13]

## II.

A noncitizen in removal proceedings is protected by due process and entitled to a full and fundamentally fair hearing.[14]  Where an IJ is presented with indicia of the noncitizen's incompetency, a due process violation occurs if the IJ fails to provide whatever additional safeguards may be necessary to ensure a full and fair hearing.[15]  "We review the BIA's denial of a motion to reopen for abuse of discretion . . . and [] its underlying factual findings related to the motion for substantial evidence."[16]  We review *de novo* questions of law regarding the alleged denial of due process rights.[17]

Leveron Martinez claims that the BIA erred because there was sufficient evidence to warrant a finding that he was not competent during his hearing before the IJ, and thus his admission of removal and waiver of his appellate rights were not knowing, intelligent, and voluntary.[18]  We disagree.  The IJ had ample opportunity to observe Leveron Martinez's behavior during his hearing and saw no indicia of incompetency.  To the IJ's credit, he nevertheless reviewed the evidence provided of alleged incompetency and

---

[12] *Id*. at 000023.

[13] *Id*. at 000022; Opp. Br. at 15.

[14] *Kamara v. Att'y Gen*., 420 F.3d 202, 211 (3d Cir. 2005); *Matter of M-A-M, 25 I&N Dec.* 474, 477 (B.I.A. 2011).

[15] *Barker v. Att'y Gen.*, 613 F. App'x 197, 201 (3d Cir. 2015).

[16] *Shardar v. Att'y Gen*., 503 F.3d 308, 311 (3d Cir. 2007) (internal citation omitted).

[17] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153-54 (3d Cir. 2007).

[18] Pet. Br. at 6-7.

4

found it did not demonstrate that the assault caused the claimed cognitive deficits. The BIA agreed and we find that it did not abuse its discretion in doing so.

Given the claimed due process violation, we have reviewed the record in full and have not found any indicia of incompetency that should have triggered greater scrutiny from the IJ at Leveron Martinez's removal hearing or warranted a grant of his Motion to Reopen. Leveron Martinez participated in his own removal proceedings fully, answered questions, and has seemingly participated in the pursuit of his post-conviction relief. Accordingly, we conclude that his due process rights were not violated, and the BIA did not abuse its discretion in denying his Motion to Reopen.

### III.

For the foregoing reasons we will deny the petition for review.